# WINGET, SPADAFORA & SCHWARTZBERG, LLP

45 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10006
TELEPHONE (212) 221-6900
FACSIMILE (212) 221-6989

www.WSSLLP.com

WRITER'S EMAIL:

*CONNECTICUT OFFICE:*
177 BROAD ST., 5TH FL.
STAMFORD, CONNECTICUT 06901
TELEPHONE (203) 328-1200
FACSIMILE: (203) 328-1212

*NEW JERSEY OFFICE:*
ONE GATEWAY CENTER, 26TH FL.
NEWARK, NEW JERSEY 07102
TELEPHONE (973) 622-8144
FACSIMILE (973) 622-3423

*FLORIDA OFFICE:*
20801 BISCAYNE BLVD., 4TH FL.
MIAMI, FLORIDA 33180
TELEPHONE (786) 923-5911
FACSIMILE (786) 923-5912

August 22, 2008

**VIA FACSIMILE (914) 390-4170**
Honorable William C. Conner
United States District Court
300 Quarropas Street
White Plains, New York 10601

    Re:    Matter:    Peter F. Gaito Architecture, LLC v. Simone Development Corp., et al.
            Docket No.:  08 Civ. 6056 (WCC)
            Our File No.: 03001.08659

Dear Judge Conner:

    We represent defendant Saccardi & Schiff, Inc. (hereinafter referred to as "S&S") in the above-referenced action. We are writing pursuant to Rule 2(A) of your Honor's Individual Practice Rules to request a pre-motion conference to discuss the filing of a motion by S&S to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Preliminarily, we note that plaintiff's action consists of six (6) claims, four (4) of which are asserted against S&S. More specifically, plaintiff asserts three (3) federal copyright infringement claims and one (1) pendent state law claim for unjust enrichment against S&S.

    We are in receipt of the Simone Defendants' correspondence dated August 21, 2008 wherein they requested a pre-motion conference with your Honor to discuss the filing of a motion to dismiss the Complaint. S&S is similarly hereby requesting a pre-motion conference to discuss the filing of a motion to dismiss on substantially the same grounds stated in the Simone Defendants' correspondence. Rather than reiterate the grounds stated therein, we incorporate those grounds by reference.

Honorable William C. Conner
August 22, 2008
Page 2 of 2

      Moreover, in addition to the grounds discussed in the Simone Defendants' correspondence, S&S would also move to dismiss the Complaint on the basis that Plaintiff has not alleged that S&S actually copied the Plaintiff's copyrighted architectural plans. It is well settled that actual copying is an element of a copyright infringement claim. See, e.g., Orange County Choppers, Inc. v. Vending Supply, Inc., 497 F. Supp. 2d 541, 550 (S.D.N.Y. 2007) (J. Conner). S&S was hired by the Simone Development Corp. to perform environmental planning services. S&S did not prepare any architectural plans; this means even if there was infringement (which is denied), it would not have been by S&S. Further, any argument that Plaintiff may assert against S&S for contributory infringement would fail as a matter of law. See Demetriades v. Kaufman, 690 F. Supp. 289, 1988 U.S. Dist. LEXIS 8634 (S.D.N.Y. 1988). Accordingly, the federal copyright claims should be dismissed against S&S.

      Given the failure of plaintiff's federal copyright claims against S&S, the Court should likewise dismiss the sole remaining claim against S&S for unjust enrichment, as it is entirely predicated on the failed copyright claims.

      The above constitutes the anticipated bases for a motion to dismiss by defendant S&S. We will await your Honor's direction with regard to scheduling a pre-motion conference to discuss same.

      Very truly yours,

      Matthew Tracy (MT –2503)

cc:    Austin Graff, Esq. (via facsimile and regular mail)
       Philip M. Halpern (via facsimile and regular mail)
       Marisa Lanza (via facsimile and regular mail)

WINGET, SPADAFORA & SCHWARTZBERG, LLP