UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PETER F. GAITO ARCHITECTURE, LLC d/b/a
PETER F. GAITO AND ASSOCIATES, AND
PETER F. GAITO,

                                    Plaintiffs,

                                                              08 Civ. 6056 (WCC)

         – aginst –


SIMONE DEVELOPMENT CORP., SIMONE CHURCH
STREET LLC, JOSEPH SIMONE, THOMAS METALLO,
SACCARDI & SCHIFF, INC., TNS DEVELOPMENT
GROUP LTD., AND SLCE ARCHITECTS, LLP

                                    Defendants.
--------------------------------------------------------X



## MEMORANDUM OF LAW


COLLIER, HALPERN, NEWBERG, NOLLETTI & BOCK, LLP

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 684-6600

355 LEXINGTON AVENUE, SUITE 1400
NEW YORK, NEW YORK 10017
(212) 481-1300

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT...................................................................................................... 1

I       Plaintiff Gaito Fails to State a Claim for Copyright Infringement...................................... 2

II      The Court Should Decline To Exercise Supplemental Jurisdiction
        Over Plaintiff Peter F. Gaito Architecture, LLC's Pendent State Law Claims................. 8

CONCLUSION.................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

Arculeo v. On-Site Sales & Marketing, LLC, 321 F.Supp.2d 604, (S.D.N.Y. 2004) (J. Conner) ........9

Attia v. Society of the New York Hospital, 201 F.3d 50 (2d Cir. 1990)..........................3, 4, 5, 6, 7, 8

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,  167 L.Ed. 2d 929 (2007)......................................2

Chapman v. N.Y.S. Division for Youth, 2008 U.S. App. LEXIS 21495 (2008)..................................2

DeMasi v. Benefico, 567 F. Supp. 2d 449 (S.D.N.Y. 2008) (J. Conner) ............................................2

Hanig v. Yorktown Central School District, 384 F.Supp.2d 710 .......................................................9

Neimark v. Ronai & Ronai, LLP, 500 F.Supp.2d 338 (S.D.N.Y. 2007) (J. Conner) ...........................3

Orange County Choppers, Inc. v. Vending Supply, Inc., 497 F.Supp.2d 541 (S.D.N.Y. 2007) (J. Conner)...................................................................................................................................................2

Van Wormer v. City of Rensselaer, 2008 U.S. App. LEXIS 20281 (2d Cir. 2008);.............................2

Weathers v. Millbrook Central School District, 486 F.Supp.2d 273 (S.D.N.Y. 2007) (J. Conner) ......9

**Statutes**

17 U.S.C. § 102(b)............................................................................................................................3

28 U.S.C. §1367(c)(3) ......................................................................................................................8

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure.................................................................1, 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PETER F. GAITO ARCHITECTURE, LLC d/b/a
PETER F. GAITO AND ASSOCIATES, and
PETER F. GAITO,

                              Plaintiffs,

           -against-

SIMONE DEVELOPMENT CORP., SIMONE CHURCH
STREET LLC, JOSEPH SIMONE, THOMAS METALLO,
SACCARDI & SCHIFF, INC., TNS DEVELOPMENT
GROUP LTD., and SLCE ARCHITECTS, LLP,

                          Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM OF
LAW IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

08 Civ. 6056 (WCC)

## <u>PRELIMINARY STATEMENT</u>

      Defendants Simone Development Corp., Simone Church Street LLC, Joseph Simone,

Thomas Metallo, and TNS Development Group Ltd. (hereinafter collectively, the "Simone

Defendants") submit this memorandum of law in support of their motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. §1367(c)(3) . As set forth more fully

below, the Simone Defendants satisfy their burden of proof for dismissal and their motion should be

granted.

# I
## Plaintiff Gaito Fails to State a Claim
## for Copyright Infringement

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See Fed R. Civ. Pro. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate if a plaintiff fails to set forth in his Complaint enough facts to state a claim that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929, 949 (2007). See also Van Wormer v. City of Rensselaer, 2008 U.S. App. LEXIS 20281 (2d Cir. 2008); Chapman v. N.Y.S. Division for Youth, 2008 U.S. App. LEXIS 21495 (2008); DeMasi v. Benefico, 567 F. Supp. 2d 449, 453-54 (S.D.N.Y. 2008) (J. Conner) (plaintiff must amplify his claim with factual allegations where such amplification is needed to render the claim plausible). In assessing the legal sufficiency of a claim, the Court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference, matters of which the Court may take judicial notice, and documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference. See DeMasi, 567 F.Supp. 2d at 453.

Defendants, in the instant case, satisfy their burden of proof for dismissal of Plaintiff Gaito's copyright infringement claim for failure to state a claim. Plaintiff's Amended Complaint, and the documents annexed thereto as exhibits (hereinafter the "Complaint"), confirm that Plaintiff Gaito has failed to set forth facts that state a claim that is plausible on its face. His claim should be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff Gaito, in order to state a claim for copyright infringement, must come forward with plausible allegations that: (1) he owns the copyrights at issue; (2) the copyrights have been registered in accordance with the Copyright Act; and (3) the defendant copied constituent elements of the plaintiff's work that are original. See Orange County Choppers, Inc. v. Vending Supply, Inc., 497

F.Supp.2d 541, 550 (S.D.N.Y. 2007) (J. Conner); <u>Neimark v. Ronai & Ronai, LLP</u>, 500 F.Supp.2d

338, 340 (S.D.N.Y. 2007) (J. Conner). In order to establish the third element (copying element),

plaintiff must allege that: (1) the defendant has actually copied the plaintiff's work; and (2) the

copying is illegal because a substantial similarity exists between the defendant's work and <u>the</u>

<u>protectible elements</u> of plaintiff's work. <u>Id</u>.

Plaintiff Gaito, in the instant case, fails to set forth plausible allegations concerning element

three above. The Complaint on its face confirms that this plaintiff has not made the showings

necessary for his claim and accordingly his claim should be dismissed as a matter of law.

Plaintiff Gaito fails to make any plausible allegations of copying of <u>protectible elements</u> of

his work. Even assuming for purposes of this motion only that actual copying occurred (which it did

not), plaintiff does not allege that any <u>protectible element</u> of his work was copied. This failure by the

plaintiff confirms that he has not come forward with facts stating a claim that is plausible, and the

copyright claim should be dismissed as a matter of law.

Plaintiff's position in this lawsuit is at odds with a fundamental principle of copyright law,

which is embodied in 17 U.S.C. § 102(b). Copyright law does not protect ideas, but only an author's

unique <u>expression</u> of those ideas. The Second Circuit Court of Appeals case of <u>Attia v. Society of</u>

<u>the New York Hospital</u>, 201 F.3d 50 (2d Cir. 1990) is helpful in understanding why plaintiff's

copyright claim fails as a matter of law.

The <u>Attia</u> matter involved a dispute arising from architects' plans associated with the design

and construction of a new facility for the New York Hospital. Upon a motion for summary

judgment, the Second Circuit Court of Appeals determined that, as a matter of law, the defendants

were not liable for copyright infringement. Addressing the distinction between an unprotected idea

and protected expression, the Court stated as follows:

3

> The problem of distinguishing an idea from its expression is particularly acute when the work of "authorship" is of a functional nature, as is a plan for the accomplishment of an architectural or engineering project. As a generalization, to the extent such plans include generalized notions of where to place functional elements, how to route the flow of traffic, and what methods of construction and principles of engineering to rely on, these are "ideas" that may be taken and utilized by a successor without violating the copyright of the original "author" or designer.

See Attia, 201 F.3d at 55.

Turning to the plans at issue in that case, the Attia Court, faced with a summary judgment motion, assumed that copying had taken place, but even under such assumption, determined as a matter of law that no copying of protected expression had occurred. The Court stated as follows:

> The issue we must decide is whether the similar elements that Defendants assertedly copied from Plaintiff's drawings were protected matter. Without doubt there are similarities between Plaintiff's drawings and Defendants' architectural plans. However, even assuming (as we must and do) that the similarities result from copying, we conclude there was no infringement, because the similarities do not go beyond the concepts and ideas contained in plaintiffs' drawings.
>
> Examples cited by Plaintiff as instances of copyright infringement include Defendants' taking of the following elements:
> placement of a new structure over the F.D.R. Drive in the same location;
> use of a 3-story high truss to transfer the weight of the new building spanning the F.D.R. Drive to rows of columns on either side of the Drive;
> integration of the new structure with the pre-existing buildings by aligning the new floor heights to mesh with the old;
> alignment of corridors in the new building with the pre-existing corridors to provide smooth internal traffic flow;
> insertion of a connecting roadway between 68th and 70th Streets to make a continuous traffic loop through the hospital complex;
> placement of emergency services on the new connecting roadway, with ambulance entrance and parking adjacent;
> placement of diagnostic and treatment functions on the lower floors of the new building, and nursing on the upper floors;

4

placement of a new main pedestrian area <u>in the same location</u> in the new building;

placement of a mechanical floor <u>in the same location</u> in the new building;

arrangement of nursing floors using a long rectangular corridor divided into thirds by the placement of support care stations, with patient rooms surrounding the exterior of the corridor;

<u>the "unique combination" of Plaintiff's ideas for the Hospital expansion.</u>

Consideration of these examples, which Plaintiff illustrated by setting Defendants' allegedly infringing drawings alongside his own, shows that <u>no more was taken than ideas and concepts. The placement of a new building, the use of truss technology to transfer weight, the alignment of floor heights and corridors, the creation of a continuous traffic loop through the hospital complex, the placement of emergency services and ambulance parking along that roadway, the location of a pedestrian area and of mechanical equipment, the arrangement of space on particular floors these are no more than rough ideas of general nature.</u> They are barely a first step toward the realization of a plan. How these and other ideas would be expressed or realized in a finished plan is not even approached in Plaintiff's drawings.

We may assume with Plaintiff that the ideas taken, or at least some of them, are powerful, dynamic ideas of immense value to the successful enlargement of the Hospital. Under the law of copyright, however, the power of an idea does not improve the creator's right to prevent copying. <u>The protection of copyright extends only to the author's expression of the idea. We find no instance in which Defendants have copied particularized expression that commands protection under the copyright law.</u>

<u>See</u> <u>Attia</u>, 201 F.3d at 55-56 (emphasis added).

The allegations of similarity which plaintiff relies upon in the instant case (<u>see</u> Complaint at paragraphs 131 through 204) are identical in nature to the allegations relied upon by the plaintiff in <u>Attia</u>. As in <u>Attia</u>, the plaintiff here complains about similarity in types of structures, placement of functional features, and other general ideas. For example, "similarities" such as the construction of a slender, tower apartment building; having balconies on residential apartments; orienting apartments to obtain Long Island Sound views; having a park that is gated and locked at night; are

general ideas not protected by copyright law.  In fact every single one of the plaintiff's allegations consists of a general idea or parameter that cannot be the subject of an infringement claim <u>as a matter of law</u>.

There can be no question that the plans at issue in the instant case, like the plans in the <u>Attia</u> case, are preliminary plans.  They are not finished plans, from which construction can proceed.  <u>See</u> Complaint at Exhibit C.  More importantly, however, is the undeniable fact that the alleged similarities upon which plaintiff predicates its infringement claims are similarities of general ideas and parameters, which are simply not protected under the Copyright Act.  The alleged similarities are set forth in the Complaint at paragraphs 131 through 204 and fall into three categories: similarities as to location; similarities as to general features and function; and similarities as to general parameters.

The first category is comprised of similarities as to location.  <u>See</u> Complaint at ¶¶ 137, 142-143, 152-153, 154-155, 156-157, 186-187, 194-195, 197-198.  These are no different than the similarities as to location described in the <u>Attia</u> case, such as "placement of a new structure over the F.D.R. Drive <u>in the same location</u> . . . placement of a new main pedestrian area <u>in the same location</u> in the new building . . . placement of a mechanical floor <u>in the same location</u> in the new building." <u>See Attia</u>, 201 F.3d at 55-56.

The second category consists of similarities as to general features and function.  <u>See</u> Complaint at ¶¶ 134-135, 144-145, 146-147, 148-149, 150-151, 158-159, 160-161, 162-163, 168-169, 170-171, 172-173, 174-175, 176-177, 178-179, 180-181, 182-183, 184-185, 188-189, 190-191, 192-193, 196, 199-200, 201-202, 203-204.  These are no different than the similarities as to general features and function described in the <u>Attia</u> case such as:

> "[U]se of a 3-story high truss to transfer the weight of the new
> building spanning the F.D.R. Drive to rows of columns on either side
> of the Drive; integration of the new structure with the pre-existing
> buildings by aligning the new floor heights to mesh with the old;

> alignment of corridors in the new building with the preexisting
> corridors to provide smooth internal traffic flow; insertion of a
> connecting roadway between 68th and 70th streets to make a
> continuous traffic loop through the hospital complex; placement of
> emergency services on the new connecting roadway, with ambulance
> entrance and parking adjacent; placement of diagnostic and treatment
> functions on the lower floors of the new building, and nursing on the
> upper floors . . . arrangement of nursing floors using a long
> rectangular corridor divided into thirds by the placement of support
> care station with patient rooms surrounding the exterior of the
> corridor; the 'unique combination' of plaintiff's ideas for the Hospital
> expansion."

See Attia, 201 F.3d at 55-56.  General features and functions were determined not to be protectible in

Attia, and the same result should apply here.  This makes common sense.  The position that the

plaintiff advocates would lead to absurd results.  Under plaintiff's theory, a new architect on the

project could not employ general features and functions in its designs such as a public parking

garage, a publicly accessible landscaped plaza, water features, on-site parking, a tower structure with

a slender profile, architecture that is light, airy, and made of glass, apartments with balconies and

water views, etc., without infringing upon the plaintiff's designs.  This is simply not the state of the

law because concepts and ideas of a general nature are simply not protectible material under the

Copyright Act.

The third category consists of similarities as to parameters.  See Complaint at ¶¶ 131-132,

133, 138-139, 140-141, 164-165, 166-167.  The parameters at issue are no different than the general

features and functions described above.  The general idea of a Floor Area Ratio (F.A.R.) of 5.5, a

parking garage with 859 spaces, on-site parking of 632 spaces, retail space of 44,000 square feet, and

professional office space of 2,500 square feet is not protectible.  Plaintiff's copyrights do not

preclude a new architect from utilizing those same generic parameters in its work.  It should also be

noted that the parameters at issue were expressly set forth in the Memorandum of Understanding

dated as of June 15, 2005 between the City of New Rochelle and the Simone Defendants hereinafter

(the "MOU"). See Complaint at Exhibit J, p. 4 (item 1), and p. 5 (items 5, 6, 7 and 9). The MOU also provided for the construction and location of other general features and functions employed by the new architect, but of which the plaintiff now complains. The use of the parameters set forth in the MOU by the new architect is in no way indicative of any copying of the plaintiff's designs, but simply the architect adhering to the MOU. Moreover, such general parameters are not protected under the Copyright Act, and cannot form the basis for any viable infringement claim as a matter of law. See, generally, Attia, supra. Plaintiff's failure to allege the element of actual copying of protected material is yet another reason why plaintiff's infringement claims fail as a matter of law and should be dismissed.

## II
## The Court Should Decline To Exercise Supplemental Jurisdiction
## Over Plaintiff Peter F. Gaito Architecture, LLC's Pendent State Law Claims

Plaintiffs, in addition to Plaintiff Gaito's federal copyright infringement claim, attempt to piggyback pendent state law claims by plaintiff Peter F. Gaito Architecture, LLC (hereinafter "Plaintiff LLC"), in a blatant attempt to forum shop, and obtain a clean slate in a new venue. Plaintiff LLC's state law claims are not only duplicative of each other (quantum meruit and unjust enrichment), see Complaint at ¶¶ 219-273 and ¶¶ 274-307, but also duplicate the state law cause of action for quantum meruit currently pending in the Supreme Court of the State of New York, County of Westchester. See Simone Aff. at Exh. C [1] The action has been in place for nearly three years and, given Plaintiff LLC's lack of success in that action (see Simone Aff. at ¶¶ 6-8), it now seeks a clean slate in federal court. This Court should see through the tactic and decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c)(3).

---

[1] Although predicated upon identical facts, the quantum meruit cause of action in the state court action alleges damages of approximately $400,000 (see Simone Aff. at Exh. C, ¶¶ 41-45), while the duplicative claims asserted before this Court allege damages of $2,400,000.

It is well settled that a district court may decline to exercise supplemental jurisdiction over pendent state law claims if all of the federal claims before the Court are dismissed.  See, e.g. Weathers v. Millbrook Central School District, 486 F.Supp.2d 273, 275-76 (S.D.N.Y. 2007) (J. Conner); Hanig v. Yorktown Central School District, 384 F.Supp.2d 710, 725 (S.D.N.Y. 2005) (J. Conner); Arculeo v. On-Site Sales & Marketing, LLC, 321 F.Supp.2d 604, 612, fn. 9 (S.D.N.Y. 2004) (J. Conner).  It is also well settled that when all federal claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the state law claims.  Id.  In the instant case, the failure of Plaintiff Gaito's sole federal copyright infringement claim as a matter of law warrants dismissal of the entirety of plaintiff's federal case. This in turn should result in the Court declining to exercise supplemental jurisdiction over Plaintiff LLC's pendent state law claims.  This is particularly appropriate given the existence of a pending state court action, and Plaintiff LLC's blatant attempt to forum shop and obtain a clean slate, given its prior lack of success in the state court proceeding. The factors of judicial economy, convenience, fairness and comity strongly weigh in favor of this Court declining to exercise supplemental jurisdiction and dismissing Plaintiff LLC's duplicative pendent state law claims.

## <u>CONCLUSION</u>

For the foregoing reasons, the Simone Defendants respectfully request that their motion to dismiss be granted in its entirety, together with such other, further and different relief as the Court deems just and proper under the circumstances, and the costs and disbursements of this motion.

Dated:  White Plains, New York
        November 19, 2008

                                    **COLLIER, HALPERN, NEWBERG,**
                                    **NOLLETTI & BOCK, LLP**
                                    Attorneys for the Simone Defendants

                        By:    _____
                                    Philip M. Halpern, Esq. (PH-2658)
                                    A Member of the Firm
                                    One North Lexington Avenue
                                    White Plains, New York 10601
                                    (914) 684-6800

10