UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x   Civil Action No.: 08-CIV-6056(WCC)
PETER F. GAITO ARCHITECTURE, LLC d/b/a
PETER F. GAITO AND ASSOCIATES, and
PETER F. GAITO,
                    Plaintiffs,

   - against-

SIMONE DEVELOPMENT CORP., SIMONE
CHURCH STREET LLC, JOSEPH SIMONE,
THOMAS METALLO, SACCARDI & SCHIFF, INC.,
TNS DEVELOPMENT GROUP LTD., and SLCE
ARCHITECTS, LLP,

                    Defendants.
------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT SACCARDI & SCHIFF, INC.'S MOTION TO DISMISS

                                        WINGET, SPADAFORA &
                                        SCHWARTZBERG, LLP
                                        *Attorneys for the Defendant*
                                        *Saccardi & Schiff, Inc.*
                                        45 Broadway, 19th Floor
                                        New York, New York 10006
                                        (212) 221-6900

*Of Counsel*:    Matthew Tracy, Esq.
                     Adam D. Glassman, Esq.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF CITATIONS ............................................................................................... iii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT.....................................................................................................................2

    POINT I: ..........................................................................................................................2

        DEFENDANT S&S IS NOT A DIRECT INFRINGER ...............................................2

    POINT II: .........................................................................................................................2

        DEFENDANT S&S IS NOT A "CONTRIBUTORY INFRINGER" ............................2

        A. TO HOLD S&S LIABLE AS A CONTRIBUTORY INFRINGER IT MUST BE DEMONSTRATED THAT IT ENGAGED IN CONDUCT THAT FORMED PART OF OR FURTHERED THE INFRINGEMENT OF ANOTHER ...............................................................................................................................3

        B. S&S DID NOT SUPERVISE THE INFRINGING ACTIVITIES OR DERIVE A DIRECT FINANCIAL INTEREST IN SAME ..................................................4

CONCLUSION .................................................................................................................5

# **TABLE OF CITATIONS**

**Cases**

A & M Records, Inc. v. Napster, Inc., 114 F. Supp. 2d 896 (N.D. Cal. 2000). ...........................3, 4

Demetriades v. Kaufmann, 690 F. Supp. 289, 292 (S.D.N.Y. 1988). ............................................3

Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)................................................................................................................................3

ITSI T.V. Prods., Inc. v. California Auth. of Racing Fairs, 785 F. Supp. 854, 861 (E.D. Cal. 1992).................................................................................................................................3

Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc., 964 F.2d 965, 970 (9th Cir. 1992). .................4

**Statutes**

Federal Rule of Civil Procedure 12(b)(6)........................................................................................5

**Treatises**

*Nimmer on Copyright* §12.04[A] [3] (2006). ................................................................................1

## PRELIMINARY STATEMENT

Defendant Saccardi & Schiff, Inc. (hereinafter referred to as "S & S") respectfully submits this Memorandum of Law in further support of S&S's Motion to Dismiss the Plaintiffs' Amended Complaint.

The Motion should be granted and the Complaint dismissed as against S&S. In support of its argument that S&S was a primary infringer, Plaintiffs make the simple allegation that S&S had "access" to the plans. Notwithstanding the fact that S&S sent the plans back to Plaintiffs, the law is clear that such an allegation without more does not support a claims for primary infringement, which requires Plaintiffs to show that: (1) they owned the copyright in the work at issue; (2) the copyright has been registered in accordance with the statute; and (3) the subject Defendant copied constituent elements of the work that are original. Thus, Plaintiffs' claim of primary infringement must, necessarily, fail.

Knowing this, the Plaintiffs make a claim of "contributory infringement." In this regard, Plaintiffs maintain that the printing of S&S's name on Defendant SLCE's architectural plans constitutes *prima facie* evidence that S&S either copied, or participated in copying the Gaito plans, and as such S&S must be found vicariously liable for copyright infringement as a "contributory infringer." However this argument lacks merit, since S&S did not engage in conduct that formed part of or furthered the infringement of another. Likewise, S&S cannot be held liable as a contributory infringer, inasmuch as it had no knowledge of any infringing activity, and because it did not induce, cause, or materially contribute to the infringing conduct of another.

Accordingly, the subject motion should be granted and the Complaint dismissed against S&S.

1

## STATEMENT OF FACTS

For sake of brevity, S&S respectfully refers the Court's attention to the Statement of Facts set forth in its Memorandum of Law in Support of S&S's Motion to Dismiss dated November 19, 2008.

## ARGUMENT

### POINT I:

### DEFENDANT S&S IS NOT A DIRECT INFRINGER

It is clear that S&S is not a direct infringer. In its opposition, Plaintiffs argue that (1) the inclusion of S&S's name on SLCE's plans necessarily means that Gaito participated in the drafting of such plans, and (2) S&S had access to Gaito's plans. Neither argument has merit and the Complaint should be dismissed. First, S&S's inclusion on SLCE's plans was not done for attribution purposes (relative to the authorship of same), but rather as an acknowledgment that it was the environmental planning services firm commissioned to perform an environmental study relative to the project, which is common practice in S&S's industry. *See* Saccardi Aff., ¶¶ 15-16. Thus, the inclusion on the plans is entirely irrelevant and does not support a claim of infringement.

Equally unavailing is the Plaintiffs' argument that S&S was a direct infringer, because it had access to the Gaito plans. While S&S was furnished with the plans, which it subsequently returned (*see* Saccardi Aff., Exhibit "A"), at no time while it had such plans in its possession did S&S reproduce them in any manner, whatsoever. *See* Saccardi Aff., ¶ 7. The Plaintiffs have not and indeed cannot claim otherwise.

### POINT II:

### DEFENDANT S&S IS NOT A "CONTRIBUTORY INFRINGER"

Turning to Plaintiffs' argument that S&S is a "contributory infringer" and as such, may be held "jointly and severally liable as [a] copyright infringer[ ]" (see Gaito's Memorandum of Law in Opposition to S&S's Motion to Dismiss, p. 3, ¶1), it must be noted that such assertion is completely unsupported by the facts of this case.

### A. TO HOLD S&S LIABLE AS A CONTRIBUTORY INFRINGER IT MUST BE DEMONSTRATED THAT IT ENGAGED IN CONDUCT THAT FORMED PART OF OR FURTHERED THE INFRINGEMENT OF ANOTHER

S&S is not a contributory infringer, since it did not engage in conduct that formed part of or furthered the infringement of another. A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1022 (9th Cir. 2001); ITSI T.V. Prods., Inc. v. California Auth. of Racing Fairs, 785 F. Supp. 854, 861 (E.D. Cal. 1992), aff'd in part, rev'd on other grounds, 3 F.3d 1289 (9th Cir. 1993); Demetriades v. Kaufmann, 690 F. Supp. 289, 292 (S.D.N.Y. 1988). *Nimmer on Copyright* §12.04[A] [3] (2006).

Indeed, S&S had no knowledge of the infringing activity, and as such, it did not induce, cause, or materially contribute to the infringing conduct of another." Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). See Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc., 964 F.2d 965, 970 (9th Cir. 1992). Thus, dismissal of the claims against S&S is warranted.

In support of its position that it had no knowledge of the infringing activity, and that it did not induce, cause, or materially contribute to the infringing conduct of another, S&S maintains that some time after returning the Gaito plans, it received another set of plans relative to the same project from Defendant SLCE. Upon reviewing the SLCE plans, S&S did not recognize any "substantial similarities" to the Gaito plans, and in fact, had no way of knowing

that Gaito's and SLCE's plans were substantially similar as is alleged by the Plaintiff. *See* Saccardi Aff., ¶ 11.

Furthermore, S&S, an environmental planning services firm, was neither obliged as a matter of law, nor hired to compare and contrast the two sets of plans. Accordingly, it undertook no such comparison. *See* Saccardi Aff., ¶ 12. In fact, at no time did S&S have any conversation with any of the other defendants during which the subject of the similarity (or lack thereof) of the two sets of architectural plans was discussed. *See* Saccardi Aff., ¶ 13.

Certainly, S&S did not contribute in any way to the drafting of SLCE's architectural plans, as it was neither asked, nor was it qualified to do so. *See* Saccardi Aff., ¶ 14.

### B. S&S DID NOT SUPERVISE THE INFRINGING ACTIVITIES OR DERIVE A DIRECT FINANCIAL INTEREST IN SAME

It bears noting that liability will not ensue for contributory infringement where there is either an absence of supervision of the infringing activities, or a lack of direct financial interest in the infringing activities. A & M Records, Inc. v. Napster, Inc., 114 F. Supp. 2d 896 (N.D. Cal.2000).

It is unrefuted that S&S did not supervise the activities of SLCE relative to SLCE's drafting of its architectural plans. What's more, though S&S derived a financial benefit via the services it rendered to the Simone Defendants, it did not derive a direct financial interest in the infringing activities, as it did not receive a stake in the project itself; rather, it was paid a fee solely for the environmental services it rendered to the Simone Defendants. *See* Saccardi Aff., ¶ 17.

In view of the above, it is evident that S&S was not a contributory infringer.

4

## **CONCLUSION**

For all of the foregoing reasons, the Defendant Saccardi & Schiff, Inc. respectfully requests that the Court grant judgment dismissing the Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Dated: New York, New York
December 22, 2008

                                          Respectfully Submitted,

                                          WINGET, SPADAFORA &
                                          SCHWARTZBERG, LLP
                                          *Attorneys for Defendant*
                                          *Saccardi & Schiff, Inc.*

By:      */s/ Matthew Tracy*
           Matthew Tracy (MT – 2503)
           45 Broadway, 19th Floor
           New York, New York 10006
           (212) 221-6900