UNITED STATES DISTRICT COURT                    **ELECTRONICALLY FILED**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER F. GAITO ARCHITECTURE, LLC d/b/a                   08 Civ. 6056 (WCC)
PETER F. GAITO AND ASSOCIATES, and
PETER F. GAITO,

                              Plaintiffs,

       -against-

SIMONE DEVELOPMENT CORP., SIMONE
CHURCH STREET LLC, JOSEPH SIMONE,
THOMAS METALLO, SACCARDI & SCHIFF,
INC., TNS DEVELOPMENT GROUP LTD.,
and SLCE ARCHITECTS, LLP,

                              Defendants.
------------------------------------------------------------X


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS
PURSUANT TO FRCP §12(b)(6) AND 28 U.S.C. § 1367 (c)(3), AND IN REPLY TO
PLAINTIFFS' OPPOSITION TO SAME**


                    MILBER MAKRIS PLOUSADIS
                       & SEIDEN, LLP
                    Attorneys for Defendant
                    SLCE ARCHITECTS, LLP
                    3 Barker Avenue, 6th Floor
                    White Plains, New York 10601
                    (914) 681-8700

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

CONCLUSION ................................................................................................................ 5

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

- *GVA Market Neutral Masters LTD. v. Veras Capital Partners Offshore Fund, LTD.*, 2008 WL 4449366, (S.D.N.Y., No. 07 Civ. 0519) ...................................................................... 2

- *In re Pfizer Inc. Securities Litigation*, 2008 WL 2627131 (S.D.N.Y., No. 04 Civ. 9866) ... 2

### FEDERAL STATUTES/RULES

- FRCP §12(b)(6) ......................................................................................................... 2

iii

This brief is submitted in continued support of the instant motion (the "Instant Motion") by the Defendant, SLCE ARCHITECTS, LLP (hereinafter referred to as "SLCE") pursuant to FRCP §12(b)(6) seeking an Order dismissing, with prejudice, the Amended Complaint[1] of the Plaintiffs, PETER F. GAITO ARCHITECTURE, LLC d/b/a PETER F. GAITO AND ASSOCIATES and PETER F. GAITO (hereinafter referred to collectively as "Plaintiffs"), dated November 5, 2008 (hereinafter referred to as the "Amended Complaint") as asserted against SLCE and in Reply to Plaintiffs' Opposition to same (hereinafter generally referred to as "Plaintiff's Opposition").

## PRELIMINARY STATEMENT

While Plaintiff's Opposition focuses on the issue of whether or not SLCE had access to their plans[2], as was noted in the moving papers[3], that issue is immaterial inasmuch as: 1) that very allegation was raised by the Plaintiffs' in their Amended Summons and Complaint dated November 5, 2008[4]; and, 2) this Honorable Court is constrained to view all factual allegations in a light which is most favorable to the Plaintiffs[5]. This having been said, the Plaintiffs have failed

---

[1] See Exhibit "F".

[2] See memorandum of law to Plaintiffs' Opposition ("Plaintiffs' Memo"): p. 4-7; See affidavit of Peter F. Gaito ("Sr. Affidavit") which is attached to Plaintiffs' Opposition: ¶¶ 9 and 10; See affidavit of Peter F. Gaito, Jr. ("Jr. Affidavit") attached to Plaintiffs' Opposition: ¶¶ 5 and 6. Please note that while the Plaintiffs' attempt to manufacture an issue of fact by relying upon the Simone Defendant's allegations from their Motion to Dismiss (which is not an exhibit hereto, has not been incorporated by reference and any consideration of same in deciding the Instant Motion is hereby objected to) concerning a Memorandum of Understanding ("MOU") and harping upon the failure to mention same within the Moving Papers, please note that the MOU is a non-issue inasmuch as the Instant Motion only focused upon substantial similarity between the plans, not access as suggested by the MOU, and the omission of same from the moving papers was not intentional.

[3] See SLCE's Memo, paragraph which begins on the bottom of p. 6 and ends at the top of p. 7. See, also, footnote 12, therein.

[4] The Amended Summons and Complaint is annexed to the Moving Papers as Exhibit "F". Also, please see the second paragraph from the top on p.3 of SLCE's memorandum of law submitted with the Moving Papers ("SLCE's Memo").

[5] See SLCE's Memo, top paragraph, p. 5.

1

to demonstrate that the SLCE Plans[6] are substantially similar to the Plaintiffs' Plans[7] and, it is

therefore respectfully submitted that the Instant Motion should be granted, in its entirety.

## ARGUMENT

The Instant Motion is premised upon FRCP §12(b)(6) since the Plaintiffs' have failed to

"state a claim upon which relief can be granted."  As was noted by the Second Circuit:

> "[o]n a motion to dismiss, '[t]he issue is not whether a plaintiff
> will ultimately prevail but whether the claimant is entitled to offer
> evidence to support the claims' ... In other words, 'the office of a
> motion to dismiss is merely to **assess the legal feasibility** of the
> complaint, **not** to assay the weight of the **evidence which might
> be offered in support thereof**.'"

*GVA Market Neutral Masters LTD. v. Veras Capital Partners Offshore Fund, LTD.*, 2008 WL

4449366, *4 (S.D.N.Y., No. 07 Civ. 0519) (emphasis added, internal citations omitted). *See,*

*also, In re Pfizer Inc. Securities Litigation*, 2008 WL 2627131 (S.D.N.Y., No. 04 Civ. 9866).

Irrespective of the fact that Plaintiffs' Memo aknowledges that "only the facts alleged in

the" Amended Complaint "and any document attached as an exhibit" thereto are considered "[i]n

assessing the legal sufficiency" of their claim against SLCE[8], a review of Plaintiffs' Opposition

reveals a virtual cornucopia of "evidence" which was not attached to and/or made a part of the

Complaint of Amended Complaint[9].  It is respectfully submitted that even were this Honorable

Court to consider this superfluous and improper material when deciding the Instant Motion, it: 1)

does not change the fact that there is no substantial similarity between SLCE's Plans and

---

[6] For a definition of this term, please see SLCE's Memo, p. 1.
[7] For a definition of this term, please see SLCE's Memo, p. 1.
[8] See Plaintiffs' Memo, p. 1.
[9] See, *inter alia*, Sr.'s Affidavit, Jr.'s Affidavit, the MOU (Exhibit "C" to Plaintiffs' Opposition") and plans submitted by other architectural firms (Exhibits "D" – "H").

2

Plaintiffs' Plans; and 2) the chart set forth in Jr.'s Affidavit actually undermines, as is discussed further below, Plaintiffs' allegations.

In addition to the foregoing, Plaintiffs unsuccessfully attempt to undermine the veracity of the Instant Motion by noting SLCE's intentional failure to attach an affidavit from an SLCE architect to the Moving Papers[10].  However, it is respectfully submitted that no such affidavit is necessary since the Amended Complaint[11], on its face, wholly fails to reveal a legally recognizable claim against SLCE.  In this regard, as was noted in the Moving Papers[12], the only claim asserted against SLCE by the Plaintiffs is for architectural copyright infringement.

Without belaboring the issue of copyright infringement in general (as same was set forth in detail SLCE's Memo[13]), in order to prevail on a claim for architectural copyright infringement where access to the plaintiff's copyrighted plans is not an issue, Courts employ the ordinary observer/intrinsic test to compare plans, as a whole[14], and the extrinsic evidence test which focuses on the specific elements of the copyrighted design[15].

With respect to the ordinary observer/intrinsic test, as was noted in the Moving Papers, when comparing Plaintiffs' Plans side-by-side with the SLCE Plans, it is evident that, on a whole, the plans are not similar[16].  While Plaintiffs unsuccessfully attempt to manufacture some similarity between the two plans in order to survive the ordinary observer/intrinsic test [17], it is

---

[10] See Sr.'s Affidavit, ¶ 2.
[11] Inclusive of the exhibits thereto.
[12] See SLCE's Memo, p. 5, last full paragraph from the bottom of the page.
[13] See, SLCE's Memo, pp. 5 – 7.
[14] See SLCE's Memo, p. 7.
[15] See SLCE's Memo, pp. 7 – 8.
[16] See SLCE's Memo, pp. 8 – 9.
[17] See Sr.'s Affidavit, ¶¶ 13 – 34.

3

respectfully submitted that such an attempt is wholly futile given the blatant difference in appearance between the two sets of plans.

As was likewise noted in the Moving Papers[18], Plaintiffs' claim against SLCE also fails the extrinsic evidence test.  In this regard, despite the numerous obvious differences, between the two plans which were cited in the Moving Papers[19], Plaintiffs' fail to demonstrate any similarities and, rather, choose to simply reiterate, basically verbatim, the same allegations from the Amended Complaint[20] and focus on the open-design competition[21], comparing their Plans with SLCE's Plans and those which were likewise submitted to the City of New Rochelle[22].

Even were this Honorable Court to consider the foregoing opposition, which is contained solely within materials which were not a part of the Amended Complaint[23], the alleged similarities between the plans are, as demonstrated in the Moving Papers: 1) clearly generalized such that they are not protected elements[24]; 2) a total farce[25]; and/or 3) Plaintiffs' merely assigning their design concerns to SLCE's Plans despite any indication in said plans that SLCE had the same and/or similar concerns[26].  Plaintiffs, despite SLCE's *prima facie* showing, have made absolutely no attempt to demonstrate any uniqueness to the specific design elements which, respectfully, are clearly common architectural aspects and, as such, not copyrightable[27].

---

[18] See, generally, SLCE's Memo, pp. 9 – 14.
[19] See SLCE's Memo, pp. 8 – 9.
[20] See Jr.'s Affidavit, ¶ 10.  Compare allegations set forth at ¶¶ "131" – "204" with the "stark similarities" noted at ¶ "10" in Jr.'s Affidavit.
[21] See Sr.'s Affidavit
[22] See ¶ "14" of Jr.'s Affidavit and the char therein.
[23] And, therefore, should not, respectfully, be considered on the Instant Motion.
[24] See SLCE's Memo, p. 12 – 13.
[25] See SLCE's Memo, p. 12.
[26] See SLCE's Memo, p. 13.
[27] See SLCE's Memo, p. 11.

4

With respect to the foregoing number "1", in addition to the arguments set forth in the SLCE's Memo, the chart contained within Jr.'s Affidavit at paragraph actually undermines Plaintiffs' position.   In this regard, said chart lists numerous common design elements of Plaintiffs' Plans which were not only present in SLCE's Plans, but the other architectural plans submitted to the City of New Rochelle, as well[28].

## CONCLUSION

It is respectfully submitted that, as was demonstrated in the Moving Papers, the alleged similarities between the SLCE Plans and the Plaintiffs' Plans fail the ordinary observer/intrinsic test given the clear difference in appearance between the two.   Furthermore, the Moving Papers demonstrate that Plaintiffs' claim against SLCE fails the extrinsic test since the allegedly copied elements are of such a general nature, as underscored by their own char in Jr.'s Affidavit, that they are not protected under the Copyright Law.   Therefore, the Amended Complaint fails to assert a claim against SLCE upon which relief can be granted and, as such, that the Instant Motion should be granted in its entirety.

---

[28] See Jr.'s Affidavit, ¶ 14.  For example, pay note to entries for "Street Level Plaza landscaped and publicly accessible", "Water feature on street level Plaza to serve as visual focal point", "Purchase and removal of building along Main Street to connect to Main Street [sic] to C/D RFP Site".  Each of these entries, as well as numerous others in this chart, indicate that plans other than the SLCE Plans utilized design aspects which the Plaintiffs claim were unique to their design.

5

Dated:  White Plains, New York
        December 22, 2008

                              **MILBER MAKRIS PLOUSADIS**
                                 **& SEIDEN, LLP**


                              By: s/_____
                                  Christopher A. Albanese (CAA 0145)
                                  Attorneys for Defendant
                                  SLCE Architects, LLP
                                  3 Barker Avenue, 6th Floor
                                  White Plains, New York 10601
                                  (914) 681-8700
                                  e-mail: calbanese@milbermakris.com

TO:     Austin Graff, Esq.
        THE SCHER LAW FIRM, LLP
        Attorneys for Plaintiff
        One Old Country Road, Suite 382
        Carle Place, New York 11514
        (516) 746-5040

        Scott M. Salant, Esq.
        COLLIER, HALPERN, NEWBERG,
          NOLLETTI & BLOCK, LLP
        Attorneys for the Defendants
        SIMONE DEVELOPMENT CORP.,
        SIMONE CHURCH STREET LLC,
        JOSEPH SIMONE, THOMAS METALLO
        and TNS DEVELOPMENT GROUP, LTD.
        1 North Lexington Avenue
        White Plains, New York 10601
        (914) 684-6986

        Harris B. Katz, Esq.
        WINGET, SPADAFORA &
          SCHWARTZBERG, LLP.
        Attorneys for the Defendant
        SACCARDI & SCHIFF, INC.
        45 Broadway, 19th Floor
        New York, New York 10006
        (212) 221-6900

6